IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY W. LOVE, JR.**<br>219 Weatherby Avenue<br>Swedesboro, NJ 08085<br><br>                    Plaintiff,<br><br>           v.<br><br>**MATT-BRI, INC. d/b/a BRIAN'S HARLEY-DAVIDSON**<br>992 Worthington Mill Road<br>Newtown, PA 18940,<br>          and<br>**BRIAN S. BENTLEY**<br>992 Worthington Mill Road<br>Newtown, PA 18940<br>          and<br>**TMCPA, INC. d/b/a STARS AND STRIPES HARLEY-DAVIDSON**<br>600 S. Flowers Mill Rd,<br>Langhorne, PA 19047,<br><br>                    Defendants. | CIVIL ACTION NO:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** Plaintiff, Gary W. Love, Jr., by and through counsel, with the instant Complaint against the above-named Defendants and, in support thereof, avers as follows:

### PARTIES

1. Plaintiff, Gary W. Love, Jr., is a citizen and adult resident of New Jersey, residing at the above-captioned address.

2. Defendant, Matt-Bri, Inc. d/b/a Brian's Harley-Davidson, is a corporation and/or other business entity incorporated and/or duly organized under the laws of the Commonwealth of Pennsylvania, located at the above-captioned registered address. This Defendant inspected, tested,

marketed, supplied, distributed, and/or sold the subject motorcycle which caused Plaintiff's injuries, as discussed below.

3. Defendant, Brian Bentley, is an individual residing in the Commonwealth of Pennsylvania at the above-captioned address. This Defendant inspected, tested, marketed, supplied, distributed, and/or sold the subject motorcycle which caused Plaintiff's injuries, as discussed below.

4. Defendant, TMCPA, Inc. d/b/a Stars and Stripes Harley Davidson ("Stars and Stripes"), is a corporation and/or other business entity incorporated and/or duly organized under the laws of the Commonwealth of Pennsylvania, located at the above-captioned registered address. This Defendant may have assumed all business assets and liabilities of Defendant Matt-Bri, Inc. under a purchase agreement, and therefore may be liable to Plaintiff.

5. At all times relevant hereto, the above-named Defendants acted by and through their respective officers, directors, managers, servants, employees, successors, predecessors, franchisees, franchisors, distributors, sales force, registered trade names, real and/or ostensible agents, real and/or fictitious names and/or entities, and/or subcontractors, by inspecting, retrofitting, repairing, testing, marketing, advertising, promoting, distributing, supplying, and/or selling Products, such as the motorcycle and associated component parts as discussed herein, and, accordingly, Defendants may be held liable pursuant to the doctrines of vicarious liability, respondeat superior, and/or employment or agency.

6. At all times relevant hereto, the above-named Defendants are, or may be, the successors to predecessor corporations/companies which distributed, supplied, and/or sold the Product at issue and, accordingly, Defendants may be held liable pursuant to successor liability,

de facto merger, merger and consolidation, mere continuation of the predecessor corporation, and product-line continuation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §1332, because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue in this action is proper in the Eastern District of Pennsylvania pursuant to U.S.C. §1391, because a substantial part of the events or omissions giving rise to this incident occurred in this District, specifically, transactions pertaining to the sale and inspection of the subject motorcycle in Langhorne, Pennsylvania.

## FACTS COMMON TO ALL COUNTS

9. On or about July 31, 2020, Plaintiff Gary Love purchased a 2010 Harley-Davidson Heritage Softail Classic motorcycle (the "subject motorcycle"), from Defendants Matt-Bri, Inc. d/b/a Brian's Harley-Davidson and Brian Bentley.

10. Subsequent to the sale of the subject motorcycle, in or around December 2020, Defendant TCMPA, Inc. purchased Brian's Harley-Davidson. The new dealership is named and does business as "Stars & Stripes Harley-Davidson." Defendant TCMPA, Inc., pursuant to this purchase, may have assumed all business assets and liabilities of Defendant Matt-Bri, Inc. and therefore may be liable to plaintiff.

11. Prior to Plaintiff's purchase, the subject motorcycle had been outfitted with post-market "ape-hanger" handlebars.

12. Prior to Plaintiff's purchase, Defendants Matt-Bri, Inc. and Brian Bentley, individually and collectively, knew or should have known that the "ape-hanger" handlebars were

unfit, unsafe, improperly adjusted, and/or had a tendency to come loose during operation of the motorcycle, but did not warn Plaintiff of these risks.

13. Specifically, based upon recent testimony, this motorcycle's handlebars had slipped prior to the sale of the bike to Plaintiff, a condition which was unsafe, hazardous and defective. This latent defect was not made known to Plaintiff.

14. Shortly after Plaintiff's purchase, on September 5, 2020, while Plaintiff was operating the motorcycle on or near the entrance ramp to Southbound I-295 in Paulsboro, New Jersey, the handlebars suddenly loosened and/or slipped without warning, causing Plaintiff to lose control of the motorcycle and crash.

15. As a direct result of the aforementioned crash, Plaintiff suffered severe injuries, including but not limited to: a right acromioclavicular joint separation, coracoid fracture in his right shoulder, rotator cuff tendonitis, multiple broken ribs, bruised right hip, two broken bones and a punctured lung.

## COUNT I – NEGLIGENCE
## PLAINTIFF V. ALL DEFENDANTS

15. Plaintiff incorporates herein each and every allegation set forth above.

16. At all times material hereto, all Defendants individually and collectively owed Plaintiff a duty to act in a reasonable manner and refrain from placing the safety and health of Plaintiff in jeopardy.

17. Defendants, through their negligent acts, breached the duties they owed to Plaintiff for the reasons set forth herein.

18. The subject incident was caused by the negligence and carelessness of Defendants, individually and collectively, acting by and through their respective officers, directors, agents, servants, franchisees, franchisors, sales force, employees, and/or assigns, all within the course and

scope of their employment, inter alia, in each of the following ways:

   a. Selling a motorcycle in an unsafe and dangerous condition;

   b. Allowing, causing, and/or placing the incorrect type, make, model, and/or size bolts, clamps and hardware on the Plaintiff's handlebars;

   c. Failing to perform adequate adjustments, maintenance and repair to the subject motorcycle;

   d. Failing to inspect the motorcycle to ensure that it was in good working order and free from defect prior to selling the motorcycle;

   e. Failing to employ proper procedures in inspecting, maintaining, adjusting and repairing the motorcycle;

   f. Failing to properly train employees, agents, servants, franchisees, franchisors, sales force, employees, and/or assigns;

   g. Failing to institute proper procedures to ensure that proper size, make, model and proper type of bolts, clamps and hardware were installed to handlebars;

   h. Negligently undertaking to render services to repair and replace the motorcycle and its components including the bolts;

   i. Negligently employing an incompetent or unfit employee, agent and/or subcontractor;

   j. Negligently supervising their employees;

   k. Permitting or failing to prevent negligent conduct by employees, agents and/or assigns;

   l. Failing to institute proper safety training of employees, agents, servants, franchisees, franchisors, sales force, employees, and/or assigns;

   m. Hiring employees, agents, servants, franchisees, franchisors, sales force, employees, and/or assigns to provide services for which they are incapable and incompetent of performing;

   n. Failing to provide proper advice, instruction, information and quality control;

   o. Failing to warn Plaintiff that the handlebars attached to the subject motorcycle were unfit, unsafe, improperly adjusted, and/or had a tendency to come loose during operation of the motorcycle

    p. Providing incompetent sales and service;

    q. Failing to realize, prior to the sale, the handlebars were not original equipment, but were aftermarket and prone to slip due to inadequate design and hardware;

    r. Failing to specifically warn Plaintiff of this latent defect

    s. Failing to retrofit the motorcycle with proper components; and

    t. Failing to issue post-sale warnings to plaintiff.

19. The negligence and carelessness of Defendants, individually and collectively, was the factual, legal, and substantial cause of Plaintiff's injuries, damages and losses as set forth more fully herein and incorporated herein by reference.

**WHEREFORE**, Plaintiff, Gary Love demands judgment in his favor and against All Defendants, in an amount in excess of $75,000, together with interest, delay damages, costs and any and all other relief as this Honorable Court deems just and appropriate.

## COUNT II – STRICT LIABILITY
## PLAINTIFF V. ALL DEFENDANTS

20. Plaintiff incorporates herein each and every allegation set forth above.

21. Defendants distributed, supplied, assembled, installed, sold and/or placed the aforementioned motorcycle and handlebars into the stream of commerce, which contained defective, unsafe and unreasonably dangerous conditions.

22. The motorcycle, handlebars, its components and hardware supplied by Defendants were defective, unreasonably dangerous, and unsafe for reasons including the following:

    a. Being defective and unreasonably dangerous;

    b. Lacking all the elements necessary to make it safe for use and/or containing elements that made it unsafe;

    c. Designing, manufacturing, distributing, supplying, installing and/or selling a defective and unreasonably dangerous motorcycle;

    d. Failing to incorporate an alternative safer design and/or other components to minimize the risk of injury during use and operation of the motorcycle;

    e. Failing to properly inspect or test the motorcycle and/or its handlebars in order to identify and correct any defective or unreasonably dangerous conditions discovered;

    f. Failing to realize that the handlebars were not original equipment, but were aftermarket handlebars which were prone to slip and had inadequate hardware to make them safe for use;

    g. Failing to warn users, operators, and others about the defective motorcycle, handlebars and related hardware;

    h. Designing, manufacturing, distributing, installing, supplying, leasing and/or selling the motorcycle without adequate directions, instructions, warnings, safeguards, and/or protective devices;

    i. Designing, manufacturing, installing, leasing and/or selling the motorcycle that malfunctioned during normal and foreseeable use;

    j. Failing to contain adequate warnings, including post-sale warnings, instructions, safeguards, labels, and decals, to inform users, employers, and others about the risks of the motorcycle during normal operation and the dangers inherent when installing the bolt on handlebars of a motorcycle without all of the same type, make, model, or size of bolts.

23. The motorcycle and handlebars were defective, unsafe and unreasonably dangerous because, when used in an intended or foreseeable manner, the motorcycle presented an unknowable and unacceptable danger to the average or ordinary consumer, such as Plaintiff.

24. The motorcycle and handlebars failed the consumer expectation test in that they did not perform as safely as an ordinary consumer, such as Plaintiff, would have expected.

25. The motorcycle and handlebars failed the risk utility balancing test in that a reasonable person would conclude the probability and seriousness of harm caused by the motorcycle outweighs the burden and costs of taking precautions again the harm.

26. On the date in question and at all relevant times, Plaintiff was using the motorcycle consistent with its normal, intended and reasonably foreseeable use and operation.

27. As a direct and factual result of the defective and unreasonably dangerous conditions and/or malfunction of the motorcycle and its handlebars and components, all Defendants named herein are strictly liable for Plaintiff's past and future noneconomic and economic injuries and damages pursuant to the Restatement (Second) of Torts §402A, the failure of the product to meet the consumer expectation test, the failure of the product to meet the risk benefit test, and/or the failure of the product to otherwise operate and function in a reasonably expected manner and consistent with *Tincher v. Omega Flex*, 104 A.3d 328 (Pa. 2014).

28. Accordingly, Defendants are strictly liable for the injuries and damages sustained by Plaintiff as discussed above and incorporated herein by reference.

**WHEREFORE**, Plaintiff, Gary Love demands judgment in his favor and against All Defendants in an amount in excess of $75,000, together with interest, delay damages, costs and any and all other relief as this Honorable Court deems just and appropriate.

### COUNT III – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES OF MERCHANTABILITY & FITNESS FOR PARTIUCLAR PURPOSE PLAINTIFF v. ALL DEFENDANTS

29. Plaintiff incorporates by reference each and every allegation set forth above.

30. Defendants expressly and/or impliedly warranted that the Product was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was designed and used. Plaintiff is not in possession of said warranty.

31. The subject Product, however, was unfit, unsafe, not merchantable, and not fit for its particular purpose, for all of the reasons set forth above and incorporated herein by reference.

32. In using the aforementioned Product, Plaintiff relied upon the skill, judgment, and express or implied warranties of merchantability made by Defendants.

33. The aforementioned Product, however, was not of merchantable quality, and was unfit, unsafe and unusable for the ordinary purposes and uses for which it was intended.

34. As a result of the breach of express and/or implied warranties, Plaintiff suffered the injuries, damages, and losses set forth above and incorporated herein by reference.

**WHEREFORE**, Plaintiff, Gary Love, demands judgment against Defendants in an amount in excess of $75,000.00, interest, delay damages, pre and post judgment interest, costs, and all other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

GOLKOW HESSEL, LLC

BY: _____
James D. Golkow, Esquire
Attorney ID #: 46469
Timothy J. Ryan, Esquire
Attorney ID #: 316975
1628 Pine Street
Philadelphia, PA 19103
(215) 988-9400 – phone
(215) 988-0042 – fax

Date: 9/1/22